DAVIS, Senior Circuit Judge,
concurring in the denial of a stay pending the filing of, and action on, a petition for certiorari:
I vote to deny the motion for stay.
In Price Waterhouse v. Hopkins, 490 U.S. 228, 235, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), plaintiff Ann Hopkins received comments from partners describing her as “macho,” suggesting that she “overcompensated for being a woman,” and “ad-vis[ing] her to take a course at charm school” during her bid for partnership. Price Waterhouse, 490 U.S. 228, 235, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (citations omitted). Hopkins was told that to improve her chances of attaining partnership, she should “walk more femininely, talk more femininely, dress more femininely, wear make-up, have her hair styled, and wear jewelry.” Id (citation omitted). Rejecting Price Waterhouse’s insinuation that acting in reliance on sex stereotyping was not prohibited by Title VII, the Supreme Court unequivocally stated otherwise:
[W]e are beyond the day when an employer could evaluate employees by assuming or insisting that they matched the stereotype associated with their group, for “[i]n forbidding employers to discriminate against individuals because of their sex, Congress intended to strike at the entire spectrum of disparate treatment of men and women resulting from sex stereotypes.”
Id. at 251, 109 S.Ct. 1775 (second alteration in original) (quoting Los Angeles Dept. of Water & Power v. Manhart, 435 U.S. 702, 707, n.13, 98 S.Ct. 1370, 55 L.Ed.2d 657 (1978)). The Supreme Court has expressly recognized that claims based on an individual’s failure to conform to societal expectations based on that person’s gender constitute discrimination “be *607 cause of sex” under Title VIL Id. at 250-51, 109 S.Ct. 1775 (plurality); Price Waterhouse, 490 U.S. at 272-73, 109 S.Ct. 1775 (O’Connor, J., concurring); Price Waterhouse, 490 U.S. at 260-61, 109 S.Ct. 1775 (White, J., concurring).
The First, Sixth, Ninth, and Eleventh Circuits have all recognized that discrimination against a transgender individual based on that person’s transgender status is discrimination because of sex under federal civil rights statutes and the Equal Protection Clause of the Constitution. See Glenn v. Brumby, 663 F.3d 1312, 1316-19 (11th Cir. 2011) (holding that terminating an employee because she is transgender violates the prohibition on sex-based discrimination under the Equal Protection Clause following the reasoning of Price Waterhouse); Smith v. City of Salem, Ohio, 378 F.3d 566, 573-75 (6th Cir. 2004) (holding that transgender employee had stated a claim under Title VII based on the reasoning of Price Waterhouse); Rosa v. Park W. Bank & Trust Co., 214 F.3d 213, 215-16 (1st Cir. 2000) (holding that a transgender individual could state a claim for sex discrimination under the Equal Credit Opportunity Act based on Price Waterhouse); Schwenk v. Hartford, 204 F.3d 1187, 1201-03 (9th Cir. 2000) (holding that a transgender individual could state a claim under the Gender Motivated Violence Act under the reasoning of Price Waterhouse).
On this long-settled jurisprudential foundation, our friend’s assertion that the majority opinion issued when this case was previously before us is “unprecedented” misses the mark. In any event, as regards the standards for a stay, the dissent contains its own rebuttal. Contrary to the dissent’s assertion that “the School Board has constructed three unisex bathrooms to accommodate any person who feels uncomfortable using facilities separated on the basis of sex,” the three unisex bathrooms are in fact available to “any student” at the school. Mot. for Stay at 5.
In short, there is no reason to disturb the district court’s exercise of discretion in denying the motion to stay its preliminary injunction.